IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STACO ELECTRIC CONSTRUCTION CO. & SHAW ELECTRIC CO., | ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 4:20-cv-00165-DGK |
| v. | ) ) |
| CITY OF KANSAS CITY, MISSOURI, & PHILLIP YELDER, | ) ) ) ) |
| Defendants. | ) |

## ORDER REGARDING DISCOVERY DISPUTE

This lawsuit stems from Defendant City of Kansas City, Missouri's ("the City") use of minority-owned and women-owned business enterprises ("MBE/WBE") which Defendant Phillip Yelder (collectively, "Defendants"), the City's Human Relations Department Director, oversees. Plaintiffs Staco Electric Construction Co. and Shaw Electric Co. (collectively, "Plaintiffs") allege that the program violates their constitutional rights under 42 U.S.C. § 1983. They seek a declaratory judgment under 28 U.S.C. § 2201 declaring the MBE/WBE Program unconstitutional and payment of their attorneys' fees and costs. Defendants deny the allegations and have filed two motions for judgment on the pleadings, claiming Plaintiffs lack standing and a new ordinance moots their claim, at least in part (Docs. 21, 39).

Now before the Court is a discovery dispute concerning Defendants' response to Plaintiffs' requests for production ("RFP") 4–11, 18–19, and 25–26, and Plaintiffs' response to Defendants' RFP 8–9. The Court has received briefing from the parties (Docs. 32–33, 35–38) and held a teleconference on the issues. The Court now rules as follows.

**I.      Defendants' production is limited by 49 C.F.R. § 26.109.**

Defendants object to all of Plaintiffs' requests in part because the RFP require them to produce confidential business information of MBE/WBEs. Defendants argue 49 C.F.R. § 26.109 precludes them from disclosing business information for MBE/WBEs that fall under the statute. Section 26.109(a)(2) states that

> Notwithstanding any provision of Federal or state law, you *must not* release any information that may reasonably be construed as confidential business information to any third party without the written consent of the firm that submitted the information. This includes applications for DBE certification and supporting information. . . .

(emphasis added). The regulation is clear: to the extent there is overlap between information that falls under § 26.109(a)(2) and Plaintiffs' discovery requests, the federal prohibition applies. Defendants are not required to disclose any confidential business information for which they do not have written consent. For that information not precluded from disclosure under § 26.109, the parties may seek a protective order.

**II.     The Court ORDERS the following regarding Defendants' objections to the RFP.**

    **A.      Defendants' objections to Plaintiffs' RFP 4–6 are SUSTAINED IN PART.**

Plaintiffs' requests four through six require Defendants to produce "all documents concerning any annual update application or new application for certification in the [MBE/WBE] program . . ." (RFP 4); "all documents which contain correspondence had between [Defendants] and any business or entity which concerns an annual update application or new application for certification in the Program, including but not limited to any email correspondence, letters or verbal conversations . . ." (RFP 5); and "all [MBE/WBE] documents . . . which have been

2

Case 4:20-cv-00165-DGK   Document 56   Filed 11/09/20   Page 2 of 8

submitted to [Defendants] . . ." (RFP 6).  Plaintiffs limited the scope of these requests to the past two years.

In response, Defendants argue the requests are overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence in the case, and not proportional to the needs of the case.  Further, they argue the scope of the requests should be limited to bid on opportunities arising within the field of electrical construction, the subject area of Plaintiffs' bids.

Plaintiffs argue RFP four through six "seek information held by the City's Human Relations Department which was submitted by [MBE/WBE]s for certification . . ." and thus the RFP are proper (Doc. 32 at 4).

The Court finds that RFP four through six are overbroad and unduly burdensome as written.  They appear to be nothing more than a fishing expedition, and "fishing expeditions" are not the purpose of discovery.  *Hofer v. Mack Trucks, Inc.*, 981 F.3d 377, 380 (8th Cir. 1992).  The Court limits the requests to those documents related to MBE/WBEs in the electrical construction specialty area of work for the past two years.

**B.      Defendants' objections to Plaintiffs' RFP 7 and 19 are SUSTAINED IN PART.**

Plaintiffs' requests seven and nineteen require Defendants to produce "all Questionnaire documents completed during any field audit conducted by a CCO at any business certified or applying for certification in the [MBE/WBE] Program" (RFP 7), and "all documents concerning an on site [sic] review of a business . . . including but not limited to the Annual Update application for certification in the [MBE/WBE] Program submitted by any said business and correspondence, whether email, letter or verbal communication, regarding said on site [sic] review" (RFP 19).  As written, neither RFP has any time limitation.

3

Defendants again argue these requests are overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence in the case, and not proportional to the needs of the case.

The Court finds Plaintiffs' failure to place time limits on these requests renders them overbroad, unduly burdensome, and not proportional to the needs of the case. The Court imposes the same limitations it did in above: the time is limited to the past two years and applies to the electrical construction only.

### C. Defendants' objections to Plaintiffs' RFP 8 and 9 are SUSTAINED IN PART.

Plaintiffs' RFP eight requires Defendants to provide "all documents received by [Defendants] . . . as part of the annual update application process or the new application for certification in the [MBE/WBE] Program which contain information concerning the net worth of the owner(s) of the business or entity seeking certification" (RFP 8). Plaintiffs request this information for the past five years, and no consideration is given to the scope of the business of the MBE/WBE. Plaintiffs' RFP 9 requests all documents relating to "business federal income tax returns received by [Defendants] . . . as part of the annual update application process or the new application process for certification in the [MBE/WBE] Program" indicating the MBE/WBE's annual receipts "exceeded $16.5 million during any year in the prior 5 years, regardless of the NAICS U.S. Industry Code(s) assigned to said business" (RFP 9).

Defendants argue the requests are overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence in the case, and not proportional to the needs of the case. In the case of RFP 9, Defendants object that, "to the extent this [RFP] requests every federal tax return provided by any entity involved in the City's MBE/WBE Program . . . , this request is not proportional to the needs of this case" (Doc. 32-1 at 11). In response, Plaintiffs make no showing

as to why the scope of either request is proportionate. They merely claim the requests "go[] far beyond the reasonably calculated standard required" (Doc. 32 at 4).

In their complaint, Plaintiffs allege Defendants' specifically injured them through the deprivation of "sales that would have resulted from award of the contracts which were instead awarded to MBE/WBE . . . which should have been decertified." Compl. ¶ 36. But Plaintiffs only claim to regularly submitting "electrical construction bids." *Id.* at ¶ 28. Thus, they have not shown that records outside of the sphere of business in which they have been injured are proportional to the needs of the case. The Court limits RFP eight and nine to those documents in the electrical construction specialty area of work for the past two years.

### D. Defendants' objections to Plaintiffs' RFP 18 are SUSTAINED.

Plaintiffs' RFP eighteen seeks copies of all requests by MBE/WBEs for NAICS "Code Review . . . documents submitted to the [Defendants] in the past 5 years" (RFP 18). Plaintiffs' briefing does not explain how this request is relevant to the issues in this case nor why the breadth of the request is appropriate.

The Court sustains Defendants' objection that the requests are overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence in the case, and not proportional to the needs of the case.

### E. Defendants' objections to Plaintiffs' RFP 10, 11, 25, and 26 are SUSTAINED.

Plaintiffs requests ten and eleven request "all documents relied upon by [Defendants] in assigning" a "manufacturing" NAICS U.S. Industry Code under 13 C.F.R. § 121.201, Sectors 31–33, "for the year(s) that any such code was assigned to said business, including . . . email, letter or verbal communications and any documents submitted by the business" (RFP 10), and "all documents provided to [Defendants by businesses receiving the "manufacturing" code outlined in

5

Case 4:20-cv-00165-DGK   Document 56   Filed 11/09/20   Page 5 of 8

RFP 10] . . . for which the business was assigned said code, whether for the annual update application process or the new application process . . ." (RFP 11). For both, the time is limited to the past five years.

Plaintiffs' requests twenty-five and twenty-six ask Defendants to produce "all documents indicating that project participation credit of any kind was awarded to an entity or business that, at the time such credit was given, was certified in the Program as a "manufacturing" business" (RFP 25) or was certified "an "industrial building construction" or "commercial and industrial building construction business" (RFP 26) in the past five years.

Defendants object that these requests are overbroad, unduly burdensome, not likely to lead to the discovery of admissible evidence in the case, and not proportional to the needs of the case. Plaintiffs, in their briefing on the discovery dispute, indicate they have limited these requests using 13 C.F.R. § 121.201 (Doc. 32 at 3). But the so-called limitations Plaintiffs have included are well beyond what could lead to admissible evidence and not proportional to the needs of this case.

Plaintiffs allege in their complaint that the Defendants were allowing construction contractors to be certified as "manufacturers." Compl. ¶ 20. Nevertheless, subsectors thirty-one through thirty-three at issue in RFP ten, eleven, and twenty-five, encompass only the manufacturing of products seemingly unrelated to the issues here.[1] Thus, these RFP are not relevant to this case.

RFP 26 cites to subsector 236, and specifically to "industrial building construction" and "commercial and institutional building construction." Plaintiffs seem to admit they do not operate in this area of work but argue the documents will still lead to admissible evidence. They contend the nature of contracting work may require a general contractor to take a lower bid after accepting

---

[1] For example, subsector 311 relates to food manufacturing, subsector 322 relates to paper manufacturing, and subsector 337 relates to furniture and related product manufacturing.

a higher bid to fulfil any obligations for the MBE/WBE Program, and in doing so, cause injury to Plaintiffs (Doc. 38 at 2).

This argument is unavailing. In their complaint, Plaintiffs allege the specific injury of being deprived of the "award of contracts which were instead awarded to MBE/WBE businesses . . . ." Compl. ¶ 36, 43. Expanding the scope of discovery to include investigation into matters only very loosely tied to this injury veers too closely into a "fishing expedition." The burden of production outweighs the likely benefits, and so the Court finds it is not proportional to the needs of this case.

**II.  The Court ORDERS the following regarding Plaintiffs' objections to the RFP.**

**A.  Plaintiffs' objections to Defendants' RFP 8 and 9 are SUSTAINED IN PART.**

Defendants seek from Plaintiffs "documents relating to electrical construction bids or proposals as a general contractor or sole contractor or as a subcontractor . . . that you have submitted since March 4, 2015 for projects involving the Tax Increment Financing Commission for Kansas City, Missouri" (RFP 8) and for "projects involving a redevelopment project by a corporation organized pursuant to R.S.Mo. §§ 353.010, et seq. (Chapter 353)" (RFP 9).

Plaintiffs assert this information is overbroad in subject matter and time, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Plaintiffs also argue in their briefing that the issue in the case is only with their inability to bid on projects "in the future; not the past" (Doc. 36 at 4).

Defendants argue the information is relevant because it tends to show that Plaintiffs' are able to bid "on an equal basis on City projects" (Doc. 33 at 4).

The Court holds the information sought by Plaintiffs is relevant and proportional. Moreover, Plaintiffs' complaint does not appear to contemplate merely future injury but to also

include the past loss of contracts due to the MBE/WBE program.  However, the Court finds the scope in time in the RFP to be overbroad.  Thus, the Court limits the RFP to the past two years.

Per the current scheduling order (Doc. 17), the parties have until January 8, 2021 to complete discovery.  At the teleconference, Defendants expressed concern regarding the amount of time they would need to compile documents in accordance with this Order.  Should the parties determine more time is needed for discovery, they should file a motion with the Court.

**IT IS SO ORDERED.**

Date: November 9, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT